UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | No. 2:18-cv-1997 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 8.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's earlier filed application to proceed in forma pauperis will be denied as incomplete, and plaintiff's later filed in forma pauperis application will be granted. In addition, it will be recommended that: (1) this action be dismissed for failure to state a claim upon which relief may be granted, and (2) plaintiff's motion for the appointment of counsel be denied as moot.

////

---

[1] Plaintiff has also filed an unsolicited and untimely first amended complaint with the court. See ECF No. 10. Because the amended complaint was untimely filed and because plaintiff was not granted permission from the court to file it, the court does not consider it. See Fed. R. Civ. P. 15(a)(1)(A), (2) (timeliness and court leave requirements needed to file amended pleading).

I.   IN FORMA PAUPERIS APPLICATION

Plaintiff's first application to proceed in forma pauperis was incomplete because it was not accompanied by a certified trust account statement as required by law. See 28 U.S.C. § 1915(a)(2); see also ECF No. 2. As a result, it will be denied.

Plaintiff's second application to proceed in forma pauperis contains a declaration that makes the showing required by 28 U.S.C. § 1915(a)(2). See ECF No. 8. Accordingly, this request will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

////

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.   PLEADING STANDARD

   A.   Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial

3

plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

   B.  Linkage Requirement

  Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV.  PLAINTIFF'S COMPLAINT

   A.  Relevant Facts

  Plaintiff names Edmund G. Brown, Jr. and Gavin Newsom, the former Governor and Lieutenant Governor of the State of California respectively, as defendants in this action. See ECF No. 1 at 1, 4. He sues each defendant in his official capacity. See id. at 4. Plaintiff contends that Brown and Newsom violated his federal constitutional rights by enacting Proposition 57,[2] which provides for parole consideration after primary term completion for some inmates but not for others. See id. at 5. The rights plaintiff mentions initially are his rights to rights to equal protection, due process, access to the courts, to petition the government, and to be free from cruel

////

---

[2] See Cal. Const., art. I, § 32.

4

and unusual punishment.  Id.  The body of the complaint, however, addresses only the claim that Proposition 57 violates the guarantee of equal protection.  See id. at 5-11.

### B. Relief Sought

Plaintiff seeks injunctive relief requiring the Governor of the State of California to add attempted murder[3] to the list of violent felonies eligible for Proposition 57 relief.  See ECF No. 1 at 12.

## V. APPLICABLE LAW

### A. Proposition 57

Proposition 57 added Article 1, Section 32 to the California Constitution.  It states in relevant part: "Parole consideration:  Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence."  Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

### B. Equal Protection Clause

The Equal Protection Clause broadly requires the government to treat similarly situated people equally.  Hartman v. California Dep't of Corr. and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013).  To state an equal protection claim, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,'" such as a particular race or religion.  Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation marks and citation omitted) (emphasis in original); see also Byrd v. Maricopa Cty.

---

[3] Based upon the content of the complaint, the court presumes throughout this order that plaintiff was convicted of attempted murder.  If this is not the case, should this matter proceed, plaintiff should inform the court.

5

Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (to state an equal protection claim, plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

Where the governmental classification does not involve a suspect or protected class, or impinge upon a fundamental right, the classification will not "'run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose.'" Nurre v. Whitehead, 580 F.3d 1067, 1098 (9th Cir. 2009) (quoting Cent. State Univ. v. Am. Ass'n of Univ. Professors, 119 S. Ct. 1162, 1163 (1999)).

VI.   DISCUSSION

Plaintiff contends that his constitutional rights have been violated because (1) Governor Brown signed Proposition 57 – which is only applicable to some prisoners – into law, and (2) Lieutenant Governor Newsom failed to warn Governor Brown of the biases in the proposition. See ECF No. 1 at 5-12. Implicit in these claims are underlying equal protection arguments based on plaintiff's race and the nature of his commitment offense. These claims are not actionable, for several reasons.

A.   Improper Defendants

A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citations omitted). To be a proper defendant for purposes of injunctive relief, the state official "must have some connection with the enforcement of the act." Ex parte Young, 209 U.S. 123, 157 (1908). That connection "must be fairly direct." Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012). A generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit. Los Angeles Cty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).

Here, plaintiff alleges that Governor Brown signed an unconstitutional proposition into law, and that Lieutenant Governor Newsom failed to inform Governor Brown of the proposition's shortcomings. See generally ECF No. 1 at 5-11. Though the Governor may be generally responsible for executing and enforcing the laws of the State of California, this does not establish the "requisite connection to enforcement" needed to overcome sovereign immunity. Ex parte Young, 209 U.S. at 157 (1908). The same can be said for the Lieutenant Governor and any purported obligation he may have had to "warn" the Governor of the alleged deficiencies in Proposition 57.

In any event, neither the Governor nor the Lieutenant Governor has the authority to unilaterally amend the substantive terms of legislation or of a state constitutional amendment passed by the electorate as a ballot proposition. This means that the named officials lack authority to implement the requested injunctive relief. Accordingly, plaintiff's claims against Governor Brown and Lieutenant Governor Newsom are not cognizable.

      B.    Absence of Claims Upon Which Relief May Be Granted

          1.    No Constitutional Right to Parole

Plaintiff challenges the content and application of Proposition 57 as it relates to parole. The law is clear that there is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. See Fernandez v. Nevada, No. 3:06-CV-00628 LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). And where there is no liberty interest in parole eligibility or parole, there can be no due process violation. See id.

          2.    State Law Claims Are Not Reviewable

The questions whether Proposition 57 is being improperly construed, and whether it should be amended to permit those convicted of attempted murder to be eligible for early parole consideration, are questions of California law. Accordingly, they are not reviewable by this court. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under

Section 1983); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process). Thus, to the extent the complaint challenges the construction and/or need for amendment of Proposition 57, the claims are not cognizable.

### 3. Proposition 57 Is Rationally Related to Legitimate Government Purpose

Plaintiff argues substantively that his rights to equal protection and due process are being violated because (1) the particular crime of which he was convicted – attempted murder – is not one of the enumerated crimes that are eligible for early parole consideration under Proposition 57, and (2) some crimes that are eligible for early parole consideration under Proposition 57 are more likely to be committed by Whites, whereas some that are not eligible are more likely to be committed by Blacks and Latinos. These contentions fail to state claims upon which relief may be granted.

#### a. Relevant Law

As stated earlier, to state a claim under Section 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). With respect to legislative classifications, the Supreme Court has also stated that "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).

"While most laws classify individuals in one way or another, legislative classifications typically survive judicial scrutiny so long as they are rationally related to a legitimate governmental interest." Valeria v. Davis, 307 F.3d 1036, 1039 (9th Cir. 2002). Indeed, when social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude. City of Cleburne, 473 U.S. at 440. In the same vein, the Ninth Circuit has specifically rejected equal protection claims that are premised on statutory differences reflecting the alleged "seriousness" of the crimes. See Aguilera-Montero v. Mukasey, 548 F.3d 1248, 1254 (9th Cir. 2008).

8

b. Analysis

Plaintiff's status as someone who has been convicted of attempted murder does not make him part of a suspect class for equal protection purposes. The rational basis test applies to Proposition 57's distinction among offenses. To prevail, plaintiff must show that the state's decision not to accord early parole consideration to attempted murders is not rationally related to legitimate legislative goals. See Lee, 250 F.3d at 687. Plaintiff's complaint fails to allege facts that could plausibly meet this standard.

States have legitimate interests in not extending consideration for early release to prisoners who have been convicted of violent crimes such as attempted murder. Such laws serve public safety and engender societal confidence in the correctional system's punitive measures. Thus, Proposition 57's failure to include prisoners convicted of attempted murder among those who are eligible for early parole consideration is rationally related to a legitimate governmental interest and does not violate plaintiff's rights under the Equal Protection Clause. To the extent plaintiff mounts a facial challenge to the classification of eligible offenses, he fails to state a claim as a matter of law.

4. Disproportionate Impact of a Statute Is Not Dispositive

Plaintiff also forwards a race-based equal protection argument, namely that Black and Latino inmates are disproportionately denied early parole consideration under Proposition 57 in comparison to white inmates, given the types of crimes that are eligible for consideration under the statute. See ECF No. 1 at 5-17. This argument also fails.

a. Relevant Law

"The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976). An equal protection claim may lie when a policy that is neutral on its face has a disproportionate or disparate impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977). However, the disparate impact of a policy is not dispositive. In Washington v. Davis, 426 U.S. 229 (1976), the Supreme Court stated:

9

> We have not held that a law, neutral on its face and serving ends otherwise within the power of government to pursue, is invalid under the Equal Protection Clause simply because it may affect a greater proportion of one race than another. Disproportionate impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination forbidden by the Constitution. Standing alone, it does not trigger the rule that rule racial classifications are to be subjected to the strictest scrutiny and are justifiable only by the weightiest of considerations.

Washington, 426 U.S. at 242 (citation omitted).

Following these principles, the Ninth Circuit has repeatedly held that the disproportionate impact of a prison's facially neutral policies on an identifiable group does not mean that the policies violated the Equal Protection Clause. See, e.g., Lee, 250 F.3d at 686-87 (citing Navarro v. Block, 72 F.3d 712, 716 n.5 (9th Cir. 1995)). Proof of discriminatory intent or motive must also be present. See, e.g., Personnel Adm'r of Mass v. Feeney, 442 U.S. 256, 279-80 (1979) (finding no evidence state intended to discriminate against women by granting lifetime preference to veterans for civil service positions, even though over ninety-eight percent of veterans in state were male).

      b.  Analysis

Plaintiff has provided exhibits in support of his claim that Proposition 57 disproportionately impacts Black and Latino inmates, see ECF No. 1 at 14-15, 17, but these documents do not actually contain support for plaintiff's empirical assertions. Exhibit A is a 2-page summary of national hate crimes statistics from 2015, including the race of offenders. Exhibit B is a single page from an undated article regarding hate crimes, also including some demographic information regarding offenders. This showing has no obvious relevance to the question whether Proposition 57 disproportionately benefits certain racial groups.

Plaintiff's unsupported and purely conclusory allegations of disparate impact are insufficient to state a claim. The complaint contains no allegations that would support an inference of discriminatory intent or motive behind Proposition 57. Accordingly, plaintiff's race-based disparate impact claim fails as a matter of law.

////

////

VII. <u>CONCLUSION</u>

For all the reasons explained above, the undersigned finds that the complaint fails to state cognizable civil rights claims under 42 U.S.C. § 1983 and that any amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013); <u>accord</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, instead of granting plaintiff leave to amend the complaint, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Court Judge to this action;

2. Plaintiff's earlier filed motion to proceed in forma pauperis (ECF No. 2) is DENIED as incomplete;

3. Plaintiff's later filed motion to proceed in forma pauperis (ECF No. 8) is GRANTED, and

4. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER RECOMMENDED that this action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

////

////

11

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 18, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE