UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | No. 2:18-cv-1997 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2020, the magistrate judge issued findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed a statement of non-opposition, which the court construes as objections. ECF No. 15.

In the statement of non-opposition, plaintiff concedes that the complaint should be dismissed without prejudice. See id. However, the statement also asks the court to: (1) state for the record that the dismissal does not count as a strike, presumably within the meaning of 28 U.S.C. § 1915(g), and (2) permit him to refile the matter should either new evidence be found or a change in circumstances occurs. See ECF No. 15.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued May 19, 2020 (ECF No. 12) are ADOPTED in full, and

2. This action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

DATED: August 31, 2020

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE

---

[1] Case law does not permit the court to state that the dismissal of an action for failure to state a claim will not count as a strike. See Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005) (defining "strike" as prior case or appeal brought while plaintiff was prisoner that was dismissed on ground that it was frivolous, malicious or it failed to state claim). However, absent any statutory limitations, a dismissal without prejudice – which the court does herein – will permit plaintiff to file a new complaint should the facts in the action change.